GOODELL-PRATT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5884.   Promulgated May 4, 1927.

> The findings of fact made by the Board in an earlier proceeding as to liability for earlier years are *prima facie* evidence of the facts therein stated when offered in a subsequent proceeding involving the same question of fact as related to liability for a later year.

*Lawrence A. Baker, Esq.*, and *R. L. P. Wallace, Esq.*, for the petitioner.

*John D. Foley, Esq.*, for the respondent.

Deficiency of $27,818.60 income and profits tax for 1920. The respondent reduced invested capital by eliminating $280,513.26, the alleged capital cost of certain assets which by the Board's decision in *Goodell-Pratt Co.*, 3 B. T. A. 30, were held to be part of petitioner's invested capital for 1917, 1918, and 1919.

The taxpayer is a corporation organized under the laws of Massachusetts in the year 1895, with its principal office at Greenfield. It is, and has been since the date of its organization, engaged in the business of manufacturing and selling tools. The stock of the corporation is closely held.

When the taxpayer commenced business it manufactured only one tool, namely, an automatic punch drill. From time to time it developed and placed on the market other tools, until at the present time it manufactures and carries in stock over 2,000 different mechanics' tools. When a tool is developed and found to be successful, it is listed in the taxpayer's catalogue, wh ch is issued once a year. A tool once brought out and listed is thereafter in stock, so that it is possible today to purchase any tool that the taxpayer has ever made and placed on the market. The taxpayer maintains and has maintained for many years a separate department for the purpose of working out new ideas and developing new tools, patents, secret processes, methods of manufacture and special machinery. The expenses of this department consist, and have consisted, largely of salaries and amounts paid for consumable materials.

During the years 1909 to 1916, inclusive, the taxpayer expended $280,513.26 in developing certain patents, secret processes, methods of manufacture, special machinery and new tools, in developing foreign markets, in gathering and compiling information relative thereto, and in establishing agencies, etc. These expenditures were charged to current expenses and claimed as deductions on income-tax returns for the years in which such returns have been required. From time to time appraisals were made of the intangible assets created through these expenditures, and the appraised values thereof were set up on the taxpayer's books and credited to surplus.

The good will and other intangible assets, created by the taxpayer through the expenditure of the amount of $280,513.26 during the years 1909 to 1916, inclusive, as above set forth, had on January 1, 1917, a total value of at least $280,513.26.

The same assets heretofore described were in use during 1920 and contributed to the earnings in 1920.

Upon audit of the returns for the years 1917, 1918, and 1919, the Commissioner eliminated from the taxpayer's invested capital the entire amount of good will shown by its books. The taxpayer thereupon claimed that in lieu of the good will elminated by the Commissioner it should be allowed additional invested capital for the years 1917, 1918, and 1919, through the restoration to surplus of the amount of $280,513.26, expended during the years 1909 to 1916,

inclusive, as above set forth, and charged to expense. The Commissioner disallowed the taxpayer's claim, and determined that there was a deficiency in tax in the amount of $71,863.09 for the year 1919 and overassessments of $36,889.83 and $5,729.83, respectively, for the years 1917 and 1918, making a net deficiency of $29,243.43.

From the foregoing determination of the Commissioner for 1917, 1918, and 1919, the petitioner appealed to the United States Board of Tax Appeals, which, on November 14, 1925, after hearing, duly promulgated its report containing findings of fact and opinion, which report is published in 3 B. T. A. 30. Thereafter, in due course, on October 15, 1926, in accordance with the said decision, the Board entered its judgment in the said appeal.

#### OPINION.

STERNHAGEN: The petitioner introduced in evidence a copy of the findings of fact made by the Board in its earlier decision in *Goodell-Pratt Co.*, 3 B. T. A. 30, and also asked at the hearing that the Board take judicial notice of its earlier decision. Judicial notice was taken of the fact that such decision had been made, and the copy thereof was received as evidence of the facts therein found, objections thereto being overruled. By oral testimony such facts were then proven to have been no less applicable to 1920 than to the earlier years. No countervailing evidence was introduced.

The respondent argues that since the petitioner chose in earlier years to charge off as expense the cost of the assets in question, it is deprived of the advantages of having them now considered as surplus and so within invested capital. The same argument was considered and held ineffective in *Goodell-Pratt Co.*, *supra*, and we adhere to that view.

Respondent attacks the sufficiency of petitioner's evidence upon the theory that it would be erroneous to take judicial notice of the facts found in the prior case, and that such findings are not *prima facie* evidence in this case. By thus eliminating from the present record the facts previously found, there would be nothing upon which petitioner could stand. The prior report was actually offered and received in evidence, and it is therefore unnecessary to consider the question of the effect or extent of judicial notice. To notice a fact judicially is a substitute for evidence of the fact, Wigmore on Evidence, 2d ed., vol. 5, ch. XC, and as the findings were introduced, we are not called upon to determine whether it would have been sufficient or proper to give judicial notice to the published facts.

It is said by respondent that under the statute, section 906 (f), the findings are *prima facie* evidence of the facts stated only in a proceeding in court. We are of opinion, however, that there is nothing

in the statute, and we are cited to no decision of the equity courts of the District of Columbia, which prohibits the Board from giving it such force. In *Union Metal Mfg. Co.*, 4 B. T. A. 287, the Board decided whether under the Revenue Act of 1924 a decision with its findings of fact as to liability for one year was *res adjudicata* as to the same facts involved in the question of liability for a later year. The doctrine of *res adjudicata* was not applied, but as to the effect of earlier findings of fact, the Board said:

> When the taxpayer put in the findings of fact formerly made by the Board, the facts so found were *prima facie* correct and served as evidence. Without more the petitioner had established its case, for, irrespective of the doctrine of *res adjudicata*, the Board's findings are entitled to the weight of the presumption of correctness. The Commissioner had the burden then of going forward and establishing the preponderance.

This is what the petitioner did in the present case, and added the supplementing evidence to project the premises into 1920 and the concession that for 1920 the computation should be adjusted by reason of the prior years' taxes.

It seems to us sufficient to make a case. To hold with respondent that it is not sufficient would be tantamount to a requirement that the facts previously found must be established *de novo*—a mere duplication of the evidence already introduced and fully considered in the prior proceeding. If the prior findings are in truth not correct, their *prima facie* effect may still be overcome by either party through the introduction of evidence. This course was open to respondent in the present case but no evidence was introduced in his behalf and no error of fact has been suggested. No substantial reason is advanced for a conclusion at variance with the earlier decision, and in view of the facts already found and the additional evidence, we hold that the invested capital for 1920 should include the amount of $280,513.26 with proper adjustments.

*Judgment will be entered on 15 days' notice, under Rule 50.*