St. Louis Malleable Casting Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 21659. Promulgated August 5, 1931.

*R. M. O'Hara, Esq.*, and *Howard Kroehl, C. P. A.*, for the petitioner.

*Miles J. O'Connor, Esq.*, and *E. L. Updike, Esq.*, for the respondent.

OPINION.

SEAWELL: This proceeding involves deficiencies in income tax as determined by the Commissioner for 1922 and 1923 in the respective amounts of $7,546.50 and $6,136.86. In the original petition seven errors were assigned, but subsequent to the filing of the original answer the Commissioner was permitted to file an amended answer in which certain affirmative allegations were made. In reply to the Commissioner's amended answer, the petitioner filed a replication in which he assigned an additional error, but withdrew six of the errors previously assigned. The errors now complained of by the petitioner are (1) the failure of the Commissioner, in his deficiency notice, to allow any deduction for depreciation on patents for 1922 and 1923 and (2) the failure of the Commissioner to allow the correct net loss for 1921 as a deduction from its net income for 1922. The difference in the amount of the net loss claimed is due to the failure

of the Commissioner to allow a deduction in 1921 for depreciation on patents.

The affirmative allegation on the part of the Commissioner constituted a complete recomputation of the depreciation allowable on all depreciable assets for 1921, 1922 and 1923, the year 1921 being included for the purpose of determining the net loss for that year which might be carried forward and allowed as a deduction from net income for 1922. The said allegations are based largely upon a carrying forward of a determination made by the Board with respect to 1917, 1918 and 1920. That is, the question of the depreciation allowable for the aforementioned years was before the Board in prior proceedings (Docket Nos. 5490 and 15168), upon which the Board duly promulgated its findings of fact and opinion (9 B. T. A. 110) and subsequently entered judgment pursuant to a computation under Rule 50. At the time the deficiency notice in this proceeding was issued, a final determination had not been made for the prior years, but upon such determination being made the Commissioner sought to adjust the deficiency notice for 1922 and 1923 through an amended answer in which depreciation was computed on substantially the some basis for these years as approved by the Board for 1917, 1918 and 1920. The findings of fact (9 B. T. A. 110) in the prior proceedings were submitted in evidence and are incorporated herein by reference. The depreciation sustained as determined in the deficiency notice was as follows:

| Asset | 1921 | 1922 | 1923 |
|---|---|---|---|
| Brick buildings | $12,808.58 | $15,524.51 | $15,619.70 |
| Frame sheds | None. | 127.78 | 127.78 |
| Machinery and equipment | 12,604.37 | 13,540.38 | 14,822.33 |
| Tenement houses | 225.00 | 225.00 | 225.00 |
| Ovens and furnaces | 2,030.35 | 3,381.64 | 3,845.43 |
| Furniture and fixtures | 75.05 | 75.05 | 75.05 |
| Tools and flasks | 3,613.80 | 3,613.85 | 3,613.85 |
| Patterns | None. | None. | None. |
| Autos | 806.23 | 1,204.14 | 1,525.96 |
| Railroad switches | 17.38 | 153.60 | 153.60 |
| Stable equipment | None. | None. | 17.92 |
| War facilities | None. | None. | None. |
| Patents | None. | None. | None. |
| Total | 32,180.76 | 37,845.95 | 40,026.62 |

A summary of the depreciation now alleged by the Commissioner to have been sustained as well as a comparison with that allowed in the deficiency notice is shown by the following schedule:

| Asset | 1921 | 1922 | 1923 |
|---|---|---|---|
| Brick buildings | $13,565.33 | $15,423.42 | $15,492.31 |
| Frame sheds | None. | 127.78 | 127.78 |
| Machinery and equipment | 8,949.55 | 9,776.84 | 10,372.61 |
| Tenement houses | 225.00 | 225.00 | 225.00 |
| Ovens and furnaces | 311.52 | 590.03 | 1,053.85 |
| Furniture and fixtures | 149.09 | 132.64 | 131.69 |
| Tools and flasks | 1,418.12 | 1,173.28 | 720.01 |
| Patterns | 1,644.29 | 1,435.89 | 1,246.40 |
| Autos | 806.24 | 1,164.36 | 1,522.47 |
| Railroad switches | 87.23 | 168.96 | 168.96 |
| Stable equipment | None. | None. | 17.92 |
| War facilities | None. | None. | None. |
| Patents | 7,065.41 | 7,065.41 | 7,065.41 |
| Total depreciation sustained | 34,221.78 | 37,283.61 | 38,144.41 |
| Amount allowed in notice of deficiency | 32,180.76 | 37,845.95 | 40,026.62 |
| Reduction | 2,041.02 | | |
| Increase | | 562.34 | 1,882.21 |

The main argument advanced by the petitioner is that the Commissioner has not sustained the burden imposed upon him of showing that the allowances for depreciation purposes should be different from those shown in his deficiency notice and that therefore the amounts shown in such deficiency notice should be accepted rather than those shown in the amended answer, except as to patent depreciation, which the petitioner admits is correctly shown in such amended answer. Whatever may be the burden imposed upon the Commissioner under the facts and circumstances as here presented, we think it has been sustained by him and in order to show the basis for reaching this conclusion, we will consider each item separately.

In the case of brick buildings, this item was included among the assets considered in the prior proceedings heretofore referred to and the Board determined the principles upon which a depreciation allowance should be computed. In accordance with this decision a recomputation was made under Rule 50, and as a basis for this computation the petitioner submitted a statement of the date and cost of each asset included in the building account up to December 31, 1920, and this statement was accepted by the Board. The above mentioned findings of fact and recomputation under Rule 50 were submitted in evidence in this proceeding and the petitioner offered no evidence as opposed thereto. We think the foregoing is prima facie correct as to the cost and dates of acquisition of assets on hand at December 31, 1920. *Union Metal Mfg. Co.*, 4 B. T. A. 287, and *Goodell-Pratt Co.*, 6 B. T. A. 1235. The Commissioner used the above determination as a starting point in his present determination and carried this cost basis through 1921, 1922 and 1923 by adding thereto the additions shown in the deficiency notice in this proceeding, except as to 1921, where a greater amount was allowed in accordance with a finding of the Board in the prior proceedings as to an amount expended in 1921. The rate of $3\frac{1}{3}$ per cent used was that approved

by the Board in the prior proceedings, which was likewise the same rate used by the petitioner in its returns for 1921, 1922 and 1923, as well as for prior years. This was also the rate applied in the deficiency notice in this proceeding. The result of the computation was to increase the amount allowable in 1921 and decrease the amounts for 1922 and 1923, though the changes in all years were small and were due entirely to adjustments made in the cost basis to which the rate was applied. It is, of course, true, as the petitioner points out, that the only witness who testified in regard to depreciation was an auditor of the Internal Revenue Bureau who was unfamiliar with the petitioner's plant and its operations, but in view of the evidence as set out above we are of the opinion that the affirmative allegations of the Commissioner with respect to depreciation sustained on brick buildings should be affirmed.

The evidence referred to above was likewise applicable to the other depreciable assets involved and a similar method (with certain minor exceptions) was followed by the Commissioner in arriving at the depreciation sustained. In the case of machinery and equipment a substantial reduction in the amount was shown, though this is due largely to the fact that in the determination under the prior proceedings a large number of assets were eliminated as fully depreciated prior to December 31, 1920. The rate of 10 per cent used was the same as that applied in the prior proceedings and in the deficiency notice in this proceeding, which is the same rate claimed by the petitioner in its returns for 1922 and 1923, though only 5 per cent was claimed for 1921. A substantial reduction also occurred in the case of ovens and furnaces, and this was again due largely to the same cause, namely, the elimination of assets fully depreciated prior to December 31, 1920. The rate of 7½ per cent used was the same as that used in the prior proceedings, as well as in the deficiency notice. A similar reason accounts for the proportionately large reduction in the amount allowable on tools and flasks (namely, the elimination of assets fully depreciated), the rate used being the same as that used in the determination under the prior proceedings and in the deficiency notice in the present proceeding, as well as that claimed by the petitioner in its returns. No change was made in the depreciation allowable on frame sheds, tenement houses, stable equipment and war facilities, and only negligible changes in the case of automobiles and railroad switches. In the deficiency notice no depreciation was allowed on patterns and patents, but, consistent with the Board's action in the prior proceedings, the revised computation allows depreciation on each item for each of the years here under consideration.

In view of the above considerations, we are of the opinion that the affirmative allegations of the Commissioner with respect to the de-

preciation allowable should be sustained in all respects. This like-wise disposes of the two assignments of error on the part of the peti-tioner, since the Commissioner's computation allows the full amount of patent depreciation now contended for by the petitioner and full effect should be given thereto not only as a deduction from gross income in 1922 and 1923, but also in determining the net loss for 1921 which is to be carried forward and allowed as a deduction from net income for 1922.

*Judgment will be entered under Rule 50.*